**Ex parte JARVIS.**

(District Court, E. D. Michigan, S. D. May 22, 1925.)

No. 9794.

Aliens ⟜51½, New, vol. 16A Key-No. Series
—One who entered country as visitor, but who was employed as domestic servant at time of application for permit to remain, held within exemption contained in Quota Act.

Under Quota Act May 19, 1921, § 2, as amended Act May 11, 1922, § 2, subd. d (Comp. St. Ann. Supp. 1923, § 4289½a), as to domestic servants, and Departmental Rule 9, defining "domestics" as those who have actually been employed in household of person accompanying them, or to whom they are destined, and coming for purpose of continuing such employment, one who entered country as visitor, but who is employed as domestic servant at time of application for leave to remain, comes within the exempted class.

Habeas Corpus. Petition of Nellie Jarvis for writ to be directed to the District Director of the United States Immigration Service at Detroit, Mich. Petitioner discharged.

Theodore Levin and Levin, Levin & Ross, all of Detroit, Mich., for petitioner.

Fred L. Eaton, Asst. U. S. Atty., of Detroit, Mich., for respondent.

SIMONS, District Judge. The record shows that petitioner entered the United States in September, 1923, for a temporary visit, with the intention of returning to Canada, and after her entry into the United States secured employment as a domestic in Detroit. On February 8, 1924, while so employed and intending to acquire permanent residence in the United States, she applied to the immigration office with the request that she be admitted and permitted to pay the head tax. She was not permitted to do so, and was taken into custody under warrant of arrest, was subsequently given a hearing, and based upon such hearing a warrant of deportation issued; the warrant being based upon the reasons that she entered without inspection, and that the quota for the month of September, 1923, allotted under the Act of May 19, 1921, as amended by public resolution 55, approved May 11, 1922 (42 Stat. 540), applying to the country of which she is a native, was exhausted at the time of her entry.

It is claimed on behalf of the petitioner that she comes within one of the exceptions provided for in the Quota Act. It is admitted by respondent that she is in all respects qualified for admission, except that she does not come within the exemptions relied upon.

The Quota Act of May 19, 1921, § 2, as amended May 11, 1922, subdivision d of section 2 (Comp. St. Ann. Supp. 1923, § 4289½a), reads as follows: "Provided further * * * or aliens employed as domestic servants, may, if otherwise admissible, be admitted notwithstanding the maximum number of aliens of the same nationality admissible in the same month or fiscal year, as the case may be, shall have entered the United States."

The Department, in its rule 9, issued February 1, 1924, paragraph 1, subd. H, p. 132, defines "domestics" as follows: "Domestic servants, for the purpose of the Act of May 19th, 1921, as amended, are those only who have actually been employed, either in the United States or any foreign country, in the household of the person or persons accompanying them, or to whom destined in the United States, coming for the purpose of continuing such employment."

Whether the term "employed," as used in the Quota Law, is intended to be applied to persons in actual present employment at the time of entry, or to a class of persons known as domestic servants and to persons who are generally or habitually employed as domestics, it is not necessary for me to determine; nor it is necessary for me to consider whether the Department, in the definition of domestic servants heretofore quoted, has gone beyond the scope of the statute and its fair intendment, for clearly upon the face of the record the petitioner is not only within the quota exemption class referred to in the statute, but is also within such class as that class is defined by the Department.

The record shows, and there is no evidence to the contrary, that the petitioner entered the United States first as a visitor September 21, 1923, with the intention of returning to Canada, which intention was disclosed to an inspector of the Department. She applied for admission as a permanent resident and offered to pay the head tax on February 8, 1924. The only question to be considered is: What was her status upon the latter date? She was then actually employed in the United States as a domestic servant in the household of a resident of the United States. Upon applying for admission as a permanent resident, she was just as much destined to such employer as though she had recrossed the border and then sought admission from without the United States for the purpose of returning to her employment. In fact, when she applied for admission permanently, she was not only destined to an American employer, but during the course of the hear-

ing she was actually accompanied by her American employer. It seems to me to be clear that the petitioner comes within the quota exemption clause referred to, and within the interpretation of that clause as incorporated in the regulations of the Department. The prayer of the petition will be granted. The petitioner will be permitted to pay the head tax required by law. The respondent is directed to legalize her residence in the United States, and orders may be entered in conformity with this opinion.